**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMMY SUNGBUM CHANG,** | ) | |
| **aka SUNG BUM CHANG,** | ) | |
| **Petitioner,** | ) | **No. 3:17-CV-98-L (BH)** |
| **vs.** | ) | **(No. 3:05-CR-0127-L)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is the *Petition for a Writ of Error Coram Nobis*, received January 9, 2017 (doc. 2).  Based on the relevant findings and applicable law, the petition should be **DENIED** with prejudice.

## I.  BACKGROUND

Sammy Sungbum Chang, aka Sung Bum Chang (Petitioner) challenges his federal conviction and sentence in Cause No. 3:05-CR-127-L.  The respondent is the United States of America (Government).

### A.  Procedural History

On September 21, 2005, Petitioner was charged by a superseding indictment with conspiracy to provide or obtain forced labor in violation of 18 U.S.C. § 371; providing and obtaining and attempting to provide or obtain forced labor in violation of 18 U.S.C. §§ 1589, 1594(a); conspiracy to conceal, harbor and shield illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); and harboring illegal aliens for commercial advantage and private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(B).  (*See* No. 3:05-CR-127-L, doc. 12.)  On June 12, 2006, he pled guilty to conspiracy to provide or obtain forced labor in violation of 18 U.S.C. §§ 371, 1589, and

to forced labor in violation of 18 U.S.C. §§ 1589, 1594(a).   (*See id.*, docs. 71, 79.)   After a sentencing hearing on October 18, 2006, he was sentenced to a total of 120 months' imprisonment on each count, to run concurrently, followed by a three-year term of supervised release.   (*Id.*, doc. 84, 92.)

The judgment of conviction was affirmed on appeal.   (*Id.*, doc. 98); *United States v. Chang*, No. 06-11229 (5th Cir., Aug. 7, 2007).   On November 4, 2008, Petitioner filed a motion to vacate the sentence under 28 U.S.C. § 2255.   (*See* No. 3:08-CV-1963-L, doc. 1.)   His § 2255 motion was denied on April 27, 2010, and his subsequent appeal was dismissed.   (*Id.*, docs. 52, 62); *United States v. Chang*, No. 10-10627 (5th Cir., Dec. 21, 2010).

## B.   Continued Detention

Petitioner claims that he was transferred from prison to a halfway house in January 2014. (Doc. 2 at 3.)   After a detainer was filed against him based on a civil de-naturalization complaint in *United States v. Chang*, No. 3:14-CV-1173-N (N.D. Tex.), he was returned to prison March 27, 2014.   On February 25, 2015, his naturalization was revoked.   (*See* No. 3:14-CV-1173-N, doc. 24.)

Petitioner was released from prison to supervised release on August 15, 2015.   (Doc. 2 at 5); *see also www.bop.gov* (inmate locator - search for Petitioner) (showing he was released on August 14, 2015).   He was immediately taken into custody by the United States Immigration and Customs Enforcement (ICE) and detained in the Rolling Plains Detention Center in Haskell, Texas, where he has since remained.   (Doc. 2 at 5.)   While the direct appeal of the judgment revoking his naturalization was pending, on November 9, 2015, the Government obtained a removal order to deport Petitioner to South Korea.   (Doc. 2 at 4-5, 15-16.)   The judgment was subsequently affirmed on appeal, and the mandate was issued on Apr. 29, 2016.   (*Id*, doc. 54, 55); *United States v. Chang*,

No. 15-10282 (5th Cir., Feb. 4, 2016).

C.     **Substantive Claims**

In his petition for writ of coram nobis, Petitioner raises the following grounds:

(1)  Counsel was ineffective for failing to advise him about deportation consequences;

(2) The Government committed prosecutorial misconduct by failing to disclose that it would seek to revoke his naturalization;

(3)  His continued detention by ICE for over 15 months violates his due process rights; and

(4) He was denied bond for his ICE detention because the criminal conviction is erroneously being considered as a crime of violence.

(Doc. 2 at 6-10.)[1]

## II. CORAM NOBIS

An individual may file a petition for writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a),[2] in the court in which he was convicted.  *See United States v. Morgan*, 346 U.S. 502, 504 (1954); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).  A writ of error coram nobis is a remedy of last resort for persons who are no longer in custody pursuant to a criminal conviction and hence unable to pursue direct review or seek collateral relief by filing a petition for writ of habeas corpus.  *United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999).   "[T]he writ of coram nobis is an extraordinary remedy to correct errors of the most fundamental character." *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004) (quotation marks and citation omitted).

---

[1] Petitioner is currently challenging his continued ICE detention in a pending habeas corpus application under 28 U.S.C. § 2241.  (Doc. 2 at 5); *Chang v. Lynch*, No. 1:16-CV-45-O (N.D. Tex.).  As in his third claim in this case, his § 2241 petition asserts that his continued ICE detention violates his due process rights.  His claims regarding his ICE detention in this case do not challenge his federal conviction and sentence and are properly raised in his § 2241 petition.  *See Hook v. Lynch*, 639 F. App'x 229 (5th Cir. 2016).

[2]  Section 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

"A writ of coram nobis will issue only when no other remedy is available and when sound reasons exist for failure to seek appropriate earlier relief." *Id.* (quotation marks and citations omitted). "Where a petitioner is still in federal custody, relief from a prior invalid conviction must be sought by means of § 2255; for coram nobis survives only to the extent that it has not been replaced by statute and, therefore, is open to a prisoner only when his statutory remedies are unavailable or inadequate." *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973).

## A.   <u>In Custody</u>

Petitioner's three-year term of supervised release, which began in August 2015, has continued while he has been in ICE custody. *See United States v. Garcia-Rodriguez*, 640 F.3d 129, 132-34 (5th Cir. 2011) (defendant, who was released from prison on supervised release and was then detained by ICE, remained on supervised release while in ICE custody). It will not expire until August 2018. A person on supervised release is in custody for purposes of § 2255 and may challenge the criminal conviction and sentence through a § 2255 motion. *See United States v. Scruggs*, 691 F.3d 660, 662 n.1 (5th Cir. 2012). Because Petitioner is still in federal custody, he must seek relief from his conviction under § 2255, so this Court lacks jurisdiction to grant coram nobis relief. *United States v. Uridales Garcia*, 442 F. App'x 935 (5th Cir. 2011).[3]

## B.   <u>Not in Custody</u>

Even if Petitioner is no longer in custody for purposes of § 2255, he has not presented a sound reason for his failure to seek § 2255 relief while he was in custody. He admits that in March 2014, he was returned to prison from a halfway house because of a detainer and a civil de-

---

[3]  If his petition for writ of error coram nobis is liberally construed as a § 2255 motion, it would be successive because Petitioner has previously filed a § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). Because Petitioner has not shown that the Fifth Circuit has authorized a successive § 2255 motion, his current petition is not construed as a motion under § 2255.

naturalization complaint filed against him.  His naturalization was revoked in February 2015.

Before he was released from prison in August 2015, he was aware that he was no longer a United

States citizen and that the Government was seeking his  deportation.  He could have sought

permission from the Fifth Circuit to raise his claims in a successive § 2255 motion at that time.  He

has not shown why he failed, and has continued to fail, to do so.  *Esogbue*, 357 F.3d at 535.  "An

assertion that he would have been unable to satisfy the stringent standards for filing a successive §

2255 motion while he was in custody is not such a 'sound reason.'" *Id*.  To the extent Petitioner is

not in custody on his federal sentence, he has not shown he is entitled to coram nobis relief.

### III.  RECOMMENDATION

The petition for writ of error coram nobis should be **DISMISSED** for lack of jurisdiction.

To the extent Petitioner is no longer in custody, the petition should be **DENIED**.

**SO RECOMMENDED on this 13th day of January, 2017.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE